**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Date:                October 24, 2012

Courtroom Deputy:  Nel Steffens
Court Reporter:    Tracy Weir
Probation Officer: Sergio Garza

**Criminal Action No.   11-cr-00497-REB**

*Parties:*                                          *Counsel:*

UNITED STATES OF AMERICA,                           Guy Till
                                                    David Conner
        Plaintiff,

v.

1.  VINCENT FRANCIS GIRON, JR.,                     Martin Stuart

        Defendant.

### SENTENCING MINUTES

**10:26 a.m.   Court in session.**

Appearances of counsel.

Defendant is present in custody.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed. R. Crim. P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the government confirms that counsel has read the presentence report and addendum.

Counsel for the defendant informs the court that counsel has read and discussed the presentence report and addendum with the defendant.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgments of conviction, sentences, and orders.

    **IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows:

    • the defendant's **Motion for Downward Departure, or Alternatively, Below Guideline Sentence** [#163] filed October 4, 2012, is **GRANTED IN PART AND DENIED IN PART**, insofar as consistent with the foregoing findings and conclusions and the following orders;

    • the **Government's § 5K1.1 Motion for Downward Departure Based on Substantial Assistance** [#190] filed October 23, 2012, is **GRANTED**;

    • the **Government's Rule 48 Motion To Dismiss Counts One and Four of the Indictment (#1) as to Defendant Vincent Francis Giron, Jr., Only** [#191] filed October 23, 2012, is **GRANTED**;

3. That judgment of conviction under Fed. R. Crim. P. 32(k) is entered on Counts Two and Five of the Indictment;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **forty-eight (48)**

       **months,** which sentences are imposed and shall be served concurrently;

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **three (3) years**, on each count, which terms shall be served concurrently; provided furthermore, that within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

   - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

   - all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

   - the following explicit or special conditions of supervised release:

     - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

     - that the defendant shall not possess or use illegally controlled substances;

     - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

     - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

     - that the defendant shall submit to one drug test within fifteen (15) days from defendant's release from imprisonment, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

     - that at defendant's expense, the defendant shall, unless then indigent, undergo a mental health evaluation and an alcohol/substance abuse evaluation, and thereafter, at defendant's expense receive any treatment, therapy,

        counseling, testing or education prescribed by the evaluation or as directed by defendant's probation officer or as ordered by the court; that defendant shall abstain from the use of alcohol or other intoxicants during the course of any such treatment, therapy, counseling, testing, or education; provided, furthermore, that to ensure continuity of treatment, the probation department is authorized to release mental health records and reports of the defendant and the PSR to any person or entity responsible for or involved in the treatment, therapy, counseling, testing, or education of the defendant;

7. That no fine is imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00 for each count of conviction for a total of $200.00;

9. That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585;

10. That an order and judgment of forfeiture shall be entered pursuant to the plea agreement of the parties and the admission of the defendant of the forfeiture allegation of the Indictment and under the authority of Fed. R. Crim. P. 32.2(b)(3) and the statutory provisions of 21 U.S.C. § 853(c);

11. That this court recommends that the Bureau of Prisons designate the defendant to a correctional institution <u>outside</u> the State and District of Colorado; and

12. That the defendant is remanded to the custody of the United States Marshal.

Parties state they have no objections to the sentence imposed.

The defendant is advised of the right to appeal the sentences imposed by the court.

**11:23 a.m.   Court in recess.**

Total time in court:   00:57

Hearing concluded.